The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JOSEPH J. DETWEILER, | ) | CASE NO. 09-63377 |
| | ) | |
| Debtor. | ) | ADV. NO. 09-6118 |
| | ) | |
| SEQUATCHIE MOUNTAIN CREDITORS, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| JOSEPH J. DETWEILER, | ) | **PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

    Defendant moves to dismiss certain plaintiffs from this action based on their failure to comply with discovery orders, including an order to compel. Some of the plaintiffs, but not all, object to dismissal.

    The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

On April 1, 2010, Defendant served initial discovery requests on the eighteen named plaintiffs[1] identified in the opening paragraph of the complaint. On March 18, 2011, more than one year later, Defendant moved to compel responses to those requests. The court granted the order to compel on April 20, 2011.

Defendant now seeks dismissal of eleven plaintiffs from this proceeding, alleging a failure to comply with the order to compel. Seven of the eleven plaintiffs do not oppose dismissal. They are Donald Bird, Patricia Bird, Joseph Kohan, Teresa Kohan, John Hallman (deceased), Roger Pearson and Sharon Pearson. Since there is no controversy between the parties as to these seven parties, the motion to dismiss the claims of these plaintiffs is granted. The court must determine whether to dismiss the case of the remaining four plaintiffs: Lisa Allen, Robert Allen, Shirley Hallman and Wesley Jinks.[2]

The facts are shocking. According to the plaintiffs, they complied with the April 1, 2010 discovery request on:

| Plaintiff | Interrogatories | Production of Documents |
|---|---|---|
| Lisa Allen | March 23, 2011 | May 12, 2011 |
| Robert Allen | March 23, 2011 | May 12, 2011 |
| Shirley Hallman | April 6, 2011 | May 10, 2011 |
| Wesley Jinks | April 6, 2011 | May 10, 2011 |

Obviously, their compliance far exceeds the parameters set forth in the federal rules of bankruptcy procedure and the applicable rules of federal civil procedure.

However, there are intervening circumstances which may assuage the harsh facts. A primary issue in the main case involved ArborOne, a secured creditor. ArborOne's disputes were the subject of lengthy settlement negotiations and it was not clear if resolution of those disputes would have a material impact on this adversary. In October 2010, the court continued a pretrial conference for two months so the parties could determine the impact of the ArborOne settlement on this adversary. The potential impact of the settlement negotiations is also evident through the multiple discovery extensions entered by the court.

The court entered the following orders related to discovery:

---

[1] A motion to join additional parties as plaintiffs is pending. Although there is discussion of this issue in the reply and sur-reply to the present motion, the court reserves discussion until it is ripe under the joinder motion.

[2] The motion does not seek dismissal of the seven remaining named plaintiffs in the complaint: Gay Glassman, Vincent Agusta, Mary Alice R. Agusta, Paul Meschino, Lana Meschino, Robert Friske and Deborah Friske.

2

| Document No. | Date Entered | Discovery Deadline |
|---|---|---|
| 10 | January 6, 2010 | June 30, 2010 |
| 15 | July 22, 2010 | September 30, 2010 |
| 19 | December 23, 2010 | July 15, 2011 |

Although entitled to the responses much earlier, Defendant waited until March 2011, approximately ten months after the responses were due, to push the issue. The motion to compel was filed on March 18, 2011 and identified all eighteen named plaintiffs. Not one plaintiff objected to the motion to compel. An order[3] granting the motion to compel was docketed on April 20, 2011 and required compliance by April 18, 2011. To be clear, the order was entered *after* the deadline for compliance established in the order. As Plaintiffs point out, complying with the order was impossible.

Additionally, the order to compel directed only twelve plaintiffs to provide responses. Lisa Allen and Robert Allen were not among the plaintiffs compelled to provide discovery responses. As a result, the court will not dismiss them from this action. It would be unfair to dismiss them for failing to comply with an order that did not direct them to do anything.

That leaves Shirley Hallman and Wesley Jinks as the remaining plaintiffs against whom dismissal is sought. The motion to dismiss indicates that Shirley Hallman and Wesley Jinks furnished the requested discovery on the same day the motion to dismiss was filed. Thus, at the time of filing, Defendant's own motion indicates they had fully complied with the discovery request, albeit inexplicably late.

Federal Rule of Bankruptcy Procedure 7037(b)(2) gives a court numerous sanction options for a party who fails to obey an order to compel discovery, including dismissal. Fed. R. Bankr. P. 7037(b)(2)(A)(v). Under the facts of this case, Defendant's request for the harshest sanction is not warranted. This conclusion, however, is not intended to condone the dilatory behavior of the plaintiffs.

Two specific facts militate against dismissal based on a failure to comply with the order to compel. First, at the time it was entered, plaintiffs were unable to comply with the order because it was entered after the deadline set forth in the order. Second, at the time the motion to dismiss was filed, Defendant's own statements indicate the plaintiffs had complied with the order to compel. Therefore, the court will also deny the motion to dismiss as it applies to Shirley Hallman and Wesley Jinks.

Plaintiffs have clearly been inexplicably tardy in responding to Defendant's discovery request. The court will award Defendant the payment of his expenses under Bankruptcy Rule

---

[3] The order references plaintiffs other than the eighteen named plaintiffs in the complaint.

3

09-06118-rk    Doc 39    FILED 07/06/11    ENTERED 07/06/11 10:44:29    Page 3 of 4

7037(b)(2)(C). Counsel for plaintiffs is ordered to pay the reasonable expenses, including attorney's fees, for the motion to compel.

An order will be entered immediately.

#     #     #

**Service List:**

Peter G. Tsarnas
Goldman & Rosen, Ltd.
11 South Forge Street
Akron, OH 44304

Scott M Zurakowski
PO Box 36963
4775 Munson St NW
Canton, OH 44735-6963

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702