The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 11 |
| JOSEPH J. DETWEILER, | ) |
| | ) CASE NO. 09-63377 |
| Debtor. | ) |
| | ) ADV. NO. 09-6118 |
| | ) |
| SEQUATCHIE MOUNTAIN | ) JUDGE RUSS KENDIG |
| CREDITORS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH J. DETWEILER, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendant. | ) **(NOT FOR PUBLICATION)** |
| | ) |

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (I) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

On May 10, 2011, defendant filed Defendant's Motion to Dismiss as docket number 25

("motion to dismiss"). On June 17, 2011, plaintiffs filed First Motion to Join Parties to Adversary Proceeding Pursuant to Rule 7020 of the Federal Rules of Bankruptcy Procedure as docket number 33 ("motion to join"). On June 22, 2011, the court held a hearing on both motions. Peter Tsarnas appeared for plaintiffs and Scott M. Zurakowski appeared for defendant. At hearing, the court announced that it would take the motion to dismiss under advisement and set a briefing schedule regarding the motion to join. Briefs have been filed and the court now decides both motions.

At the core of the motions are the identities of the plaintiffs. The court deals with the issues raised by the motions as follows. First, the court determines the identities of the Sequatchie Mountain Creditors as of the date the complaint was filed. Second, the court considers the motion to dismiss. Third, the court considers the motion to join.

### A. The Identities of the Sequatchie Mountain Creditors

On October 19, 2009, plaintiffs filed their complaint. In the title of the complaint, the plaintiffs are identified only as the "Sequatchie Mountain Creditors." In the body of the complaint, the plaintiffs are identified by name as follows:

> NOW COMES Creditors Donald Bird and Wife, Patricia Bird, John Hallman and Wife, Shirley Hallman, Gay Glassman, Vincent S. Agusta and Wife, Mary Alice R. Agusta, Wesley Jinks, Roger A. Pearson and Wife, Sharon K. Pearson, Robert D. Friske and Wife, Deborah C. Friske, Paul Meschino and Wife, Lana L. Meschino, Robert M. Allen and Wife, Lisa Allen, Joseph Kohan and Wife Teresa Kohan and known for identification purposes in the underlying bankruptcy case per the Notice of Appearance (Doc. No. 14) dated August 26, 2009 as the Sequatchie Mountain Creditors . . . .

The court finds that, for purposes of this litigation, the plaintiffs are the individuals identified by name in the complaint. The complaint has not been amended. It does not incorporate any other document by reference or otherwise suggest that any other individuals are plaintiffs. While the complaint mentions the Notice of Appearance filed in the main case as docket number 14, it does not state that any additional individuals named in that document are plaintiffs. It certainly does not mention any additional individuals named in subsequent notices of appearance or in state court filings.

Even if the complaint did purport to incorporate plaintiffs by reference, this would not be permissible under Federal Rule of Civil Procedure 10(a), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7010. Rule 10(a) states in pertinent part that "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Rule 10(a) requires that plaintiffs be identified with specificity. Duisen v. Terrel, 332 F. Supp. 127, 129 (W.D. Mo. 1971). The use of a fictitious name for an unincorporated entity, such as "Sesquatchie Mountain Creditors," is not adequate. Agresta v. Philadelphia, 694 F. Supp. 117, 119 (E.D. Pa. 1988).

2

Accordingly, the court concludes that, as of the filing of the complaint, the plaintiffs were the individuals identified by name in the complaint: Donald Bird, Patricia Bird, John Hallman, Shirley Hallman, Gay Glassman, Vincent S. Agusta, Mary Alice R. Agusta, Wesley Jinks, Roger A. Pearson, Sharon K. Pearson, Robert D. Friske, Deborah C. Friske, Paul Meschino, Lana L. Meschino, Robert M. Allen, Lisa Allen, Joseph Kohan and Teresa Kohan.

### B. The Motion to Dismiss

Defendant seeks the dismissal of the following parties: Donald Bird, Patricia Bird, Joseph Kohan, Teresa Kohan, Lisa Allen, Robert M. Allen, John Hallman (deceased), Shirley Hallman, Wesley Jinks, Roger Pearson and Sharon Pearson. The plaintiffs do not oppose the dismissal of Donald Bird, Patricia Bird, Joseph Kohan, Teresa Kohan, John Hallman, Roger Pearson and Sharon Pearson (collectively "the non-contested parties"). Accordingly, the non-contested parties are dismissed.

Whether the court should dismiss Lisa Allen, Robert M. Allen, Shirley Hallman and Wesley Jinks (collectively "the contested parties") remains in controversy. The basis for the motion for dismissal is the contested parties' failure to comply with the Order Compelling Discovery Responses, filed by the court as docket number 23 on April 20, 2011. The order was accidentally two days retroactive. It required the contested parties to produce discovery by April 18, 2011 and stated that they would be dismissed if they failed to obey the order. Obviously, strict compliance with the order was impossible. It is uncontested that the contested parties produced the required discovery by no later than May 12, 2011. Under these circumstances, the court cannot conclude that the contested parties failed to obey the order. Accordingly, the motion to dismiss is denied with regard to the contested parties.

### C. The Motion to Join Parties

The plaintiffs seek to add as plaintiffs all of the individuals named in the Notice of Appearance filed as docket number 14 in the main case and all of the individuals listed in the Amended Notice of Appearance filed on November 5, 2010 as docket number 152. A total of 82 individuals are listed in these documents. Taking into account the stipulated dismissals, the plaintiff is seeking to add 64 individuals (collectively "the new plaintiffs") to bring the total number of plaintiffs to 75.

The defendant argues that the motion to join should be denied for two reasons. First, the defendant argues that the court should deny leave to amend the complaint to add new parties because it would prejudice the defendant.

Courts have held that after the filing of a responsive pleading, amendment of the complaint is required to add new parties. Commodity Futures Trading Comm'n v. American Metal Exchange Corp., 693 F. Supp. 168, 189 (D.N.J. 1988). Amendment of the complaint is governed by Federal Rule of Procedure 15(a)(2), made applicable to this proceeding by Federal

3

Rule of Bankruptcy Procedure 7015. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Whether to allow a party to amend its complaint is within the discretion of the court. Commercial Money Center, Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 346 (6th Cir. 2007). "Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." Id.

The defendant argues that leave to amend should be denied because it would result in prejudice. The court agrees. Granting the motion to join would effectively reset this litigation, which is already 21 months old. In those 21 months, defendant has invested considerable time and money under the very reasonable assumption that the plaintiffs are the people listed in the complaint. The court is not persuaded by the plaintiffs' argument that no prejudice exists because the defendant served some but not all of the new plaintiffs with discovery in anticipation of an amended complaint, which the plaintiffs never filed. The litigation would still need to be reset to accommodate the defendants who were not served.

Second, the defendant argues that joinder of the new plaintiffs is not permissible under Federal Rule of Civil Procedure 20, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7020, which provides in pertinent part:

(1) Plaintiffs. Persons may join in one action as plaintiff if:

> (A) they assert any right to relief jointly, severally, or in the alternative
> with respect to or arising out of the same transaction, occurrence, or
> series of transactions or occurrences; and

> (B) any question of law or fact common to all plaintiffs will arise in
> the action.

The court agrees with the defendant. As the defendant points out, the claims of the new plaintiffs may not be similar. The facts of each plaintiff's case may depend on such factors as how they learned about the land for sale, what they were promised, whether timber rights were involved and whether they financed their purchase. The plaintiffs provide no specific information that links any of the new plaintiffs' claims together in any fashion. As the movants, the plaintiffs have not met their burden of demonstrating that the claims of the new plaintiffs arise out of the same series of transactions or involve a common question of law or fact. Accordingly, Rule 20 is an independent basis for denying plaintiffs' motion.

In summary, the plaintiffs have attempted to create a category (for lack of a better word) of litigants without following the Federal Rules applicable to either classes or parties. The result has been confusion about one of the most fundamental issues in any litigation: the identity of the

4

plaintiffs. Allowing the plaintiffs to backtrack and correct their mistakes 21 months into this litigation would prejudice the defendant and further bog down this already slow-moving litigation. For this reason, the plaintiffs are bound by the consequences of failing to observe the Federal Rules.

An order will issue with this opinion.

#     #     #


Service List:

Sequatchie Mountain Creditors
c/o William C. Killian, Esq.
1 Oak Avenue
Jasper, TN 37347

Joseph J. Detweiler
2814 Edison Street NW
Uniontown, OH 44685

Peter G. Tsarnas
Goldman & Rosen, Ltd.
11 South Forge Street
Akron, OH 44304

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702

Scott M Zurakowski
PO Box 36963
4775 Munson St NW
Canton, OH 44735-6963