


Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| JOSEPH J. DETWEILER, | CASE NO. 09-63377 |
| Debtor. | ADV. NO. 09-6118 |
| SEQUATCHIE MOUNTAIN CREDITORS, | JUDGE RUSS KENDIG |
| Plaintiffs, | |
| v. | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| JOSEPH J. DETWEILER, | |
| Defendant. | |

Now before the court is Plaintiffs' Motion to Reissue Order Granting Motion to Dismiss in Part and Denying Motion to Dismiss in Part and Denying Motion to Join and Memorandum Opinion with Additional Language.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

This court previously considered Defendant's Motion to Dismiss, docket no. 25, and Plaintiffs' First Motion to Join Parties to Adversary Proceeding Pursuant to Rule 7020 of the

Federal Rules of Bankruptcy Procedure, docket no. 33. On August 8, 2011, the court entered a Memorandum of Opinion and accompanying Order Granting Motion to Dismiss in Part and Denying Motion to Dismiss in Part and Denying Motion to Join. Following entry of the court's Memorandum of Opinion and Order, the plaintiffs filed a Motion to Reissue Order Granting Motion to Dismiss in Part and Denying Motion to Dismiss in Part and Denying Motion to Join and Memorandum Opinion with Additional Language on August 22, 2011.

The plaintiffs are specifically seeking the addition of language to the Memorandum of Opinion and Order that there is no just reason for delay such that the plaintiffs can immediately appeal the Order. Alternatively, the plaintiffs are seeking the addition of language to the Memorandum of Opinion and Order that the decision involves a controlling question of law, that there is substantial ground for difference of opinion, and that an immediate appeal would materially advance the ultimate termination of the litigation.

The defendant filed a Brief in Opposition to Plaintiffs' Motion on September 16, 2011, arguing that modification of the Memorandum of Opinion and Order is not appropriate under both Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292(b).

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 54(b) provides that

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities.

The rule "is designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action." Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 60 (6th Cir. 1986). It "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. Id. The court should only use the rule following due deliberation including giving weight and examination to the competing factors. Id. at 60-61. The court must do more than simply recite "no just reason for delay" into the order. Id.

The Sixth Circuit has adopted a nonexhaustive list of factors that a court must consider when making a Rule 54(b) determination, which includes:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency consideration, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the

09-06118-rk    Doc 68    FILED 11/10/11    ENTERED 11/10/11 16:15:45    Page 2 of 5

particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion is certifying a judgment as final under *Rule 54(b)*.

Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc., 807 F.2d 1279, 1283 (6th Cir. 1986) (quoting Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 364 (3d Cir. 1975)).

The plaintiffs set forth just one argument to support a Rule 54(b) determination. The motion states that this court "may determine that it is more efficient for judicial economy to resolve this collateral issue relating to the Motion to Join at this point, rather than at the conclusion of the litigation." The plaintiffs failed to cite or apply the factors adopted by the Sixth Circuit to the matter at hand. As a result, the plaintiffs seemingly ask the court to modify in contravention of the applicable case law.

The Defendant, in his brief, argues that the plaintiffs do not attempt to present an argument as to why the court should utilize Rule 54(b), what the "no just cause for delay" is, and why an appeal cannot resolve the issue following the final determination of the case.

Notwithstanding the plaintiffs' lack of argument in support of the motion, this court agrees with the plaintiffs that a Rule 54(b) determination is appropriate. In reaching this conclusion, the court applies the factors set forth by the Sixth Circuit.

First, the court examines the relationship between the adjudicated and unadjudicated claims. The court denied the plaintiffs' motion to join additional plaintiffs. The plaintiffs allege that the claims asserted against the defendant arise from the same transaction or series of transactions and contain questions of law or fact common to the plaintiffs and those seeking to be plaintiffs. Additionally, the plaintiffs' motion to join parties argues that this common question of law and fact is the reason that the state court claim is a class action suit. For these reasons, the court's denial of the motion to join and the remaining claims are closely related.

Second, the court reviews whether the possibility that the need for review might or might not be mooted by future development in the trial court. The court finds that the need for review is not likely to be rendered moot. The additional plaintiffs that the court declined to join in the proceeding believe that they hold a claim against the defendant. Due to the nature of the claim and the similarity of that claim to the one asserted by the plaintiffs in this proceeding, any future developments in this court are not likely to moot the need for review. In fact, future developments in this court are more likely to increase the need for review until the issue regarding the joinder of additional plaintiffs is finally resolved. The only variable is the effect of a judgment for the existing plaintiffs or the defendant, which could cause different complications.

Third, because the issue on appeal deals with the denial of a motion to join parties to this proceeding, it is unlikely that the reviewing court would have to consider this issue twice. The only way that this issue may arise again is if the plaintiffs again want to join additional parties to the action. The plaintiffs, however, have made no indication that this may be the case.

With respect to the fourth factor, the court finds that it is not applicable to this proceeding.

3

Finally, the court finds that an immediate appeal is appropriate to avoid a waste of judicial time and resources. It is clear that if this motion is not granted, the possibility arises that the plaintiffs continue the litigation and then the same litigation would have to be repeated again should the additional plaintiffs be joined on appeal. To move forward without the additional plaintiffs and before a determination by a reviewing court of the appropriateness of the denial of the motion to join risks a waste of judicial time and assets.

Further, other courts deciding Rule 54(b) determinations guide the court in its decision. *See, e.g.*, Mott v. Lucas, No. 1:10CV0164, 2011 U.S. Dist. LEXIS 94072 (N.D. Ohio Aug. 23, 2011) (making Rule 54(b) determination for order granting qualified immunity to defendants as to plaintiff's claim for malicious prosecution); U.S. Citizens Ass'n v. Sebelius, No. 5:10CV1065, 2011 U.S. Dist. LEXIS 30071 (N.D. Ohio Feb. 28, 2011) (certifying under Rule 54(b) immediate appeal of order of dismissal of some, but not all, counts of plaintiff's complaint); Woods v. Willis, No. 3:09CV2412, 2011 U.S. Dist. LEXIS 13662 (N.D. Ohio Feb. 13, 2011) (granting motion for certification of final judgment under Rule 54(b) for dismissal based on plaintiff's lack of standing); Wrinn v. Johnson, No. 3:06CV2188, 2007 U.S. Dist. LEXIS 69633 (N.D. Ohio Sept. 20, 2007) (certifying under Rule 54(b) immediate appeal of order dismissing some, but not all, defendants).

After weighing the competing factors and reviewing Rule 54(b) determinations of other courts, the court finds that no just reason exists to delay entry of final judgment against the plaintiffs as to their motion to join.

There is no reason for the court to address the plaintiffs' alternative request for relief under 28 U.S.C. § 1292(b)[1] since the court finds that Rule 54(b) certification is appropriate.

Further, the court *sua sponte* finds that it is in the interest of justice to stay all further proceedings in this adversary case pending a decision on plaintiffs' appeal.

## CONCLUSION

Based on the foregoing, the court will enter an order concurrently with this opinion certifying that its Order, docket no. 50, is a final and appealable order disposing of the plaintiffs' motion to join. The order will grant the plaintiffs leave to appeal the court's denial of the motion to join and will stay all further proceedings in this adversary case pending a decision on plaintiffs' appeal.

#   #   #

---

[1] Plaintiffs' Motion to Reissue seeks alternative relief under 28 U.S.C. § 158(a). However, the court believes that plaintiffs intended to cite 28 U.S.C. § 1292(b) instead. In either case, the court need not address relief under either section because the court grants the Rule 54(b) certification.

4

**Service List:**

Peter G. Tsarnas
Goldman & Rosen, Ltd.
11 South Forge Street
Akron, OH 44304

Scott M Zurakowski
PO Box 36963
4775 Munson St NW
Canton, OH 44735-6963

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702