**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 10:39 AM February 23, 2016**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| JOSEPH J. DETWEILER, ) | CASE NO. 09-63377 |
| ) | |
| Debtor. ) | ADV. NO. 09-6118 |
| ) | |
| ──────────────────── ) | JUDGE RUSS KENDIG |
| ) | |
| SEQUATCHIE MOUNTAIN ) | |
| CREDITORS, ) | |
| ) | |
| Plaintiffs, ) | **MEMORANDUM OF OPINION (NOT** |
| v. ) | **INTENDED FOR PUBLICATION)** |
| ) | |
| JOSEPH J. DETWEILER, ) | |
| ) | |
| Defendant. ) | |

Now before the Court is a motion by Wesley Jinks ("Plaintiff") for reconsideration and/or to alter or amend the Court's order, issued on January 25, 2016, granting partial summary judgment in favor of Joseph Detweiler ("Debtor").

The Court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

1

**DISCUSSION**

In an order and memorandum of opinion entered on January 25, 2016, the Court granted summary judgment (among other things) on all of Plaintiff's claims. The order in question also granted summary judgment for all of the Sequatchie Mountain Creditors' claims under 11 U.S.C § 523(a)(4) and (a)(6), but denied summary judgment for those creditors who presented evidence of fraudulent misrepresentation under 11 U.S.C. § 523(a)(2)(A). Plaintiff failed present any evidence or reference part of the record in support of his claims during summary judgment. Accordingly, summary judgment was granted on all of Plaintiff's claims in this matter.

On February 4, 2016, Plaintiff filed a motion for reconsideration and/or to alter or amend order granting partial summary judgment under Fed. R. Bankr. P. 9023. Rule 9023 provides that Fed. R. Civ. P. 59(e) is applicable in bankruptcy proceedings. On February 18, 2016, Debtor filed a motion in opposition to Plaintiff's motion for reconsideration arguing that under Rules 59(e) and 60(b) that reconsideration is not appropriate. Because Plaintiff filed his motion within fourteen days of the entry of summary judgment, cited only Rule 9023, and argues manifest injustice the court will consider Plaintiff's motion as brought pursuant to Rule 59(e). See Inge v. Rock Financial Corp., 281 F.3d 613, 617 (6th Cir. 2002)("When a party files a motion to reconsider a final order or judgment within [fourteen] days of entry, we will generally consider the motion to be brought pursuant to Rule 59(e).").

Under Rule 59(e) there are four grounds for relief: (1) if there was a clear error of law; (2) newly discovered evidence; (3) intervening change in controlling law; or (4) to prevent manifest injustice. In re Daher, No. 10-17252, 2015 WL 4555394, *1 (Bankr. N.D. Ohio July 28, 2015) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). A motion for reconsideration is not an opportunity to reargue a case. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). Plaintiff as the moving party has the burden of established grounds for relief. Hamerly v. Fifth Third Mortgage Co. (In re J & M Salupo Dev. Co.), 388 B.R. 795, 805 (6th Cir. B.A.P. 2008). The decision to grant relief under Rule 59(e) is within the sound discretion of the court. Id.

Plaintiff's sole argument is that reconsideration is required to prevent manifest injustice. Plaintiff argues that there was plenty of evidence supporting his claims and the Court's failure to consider it results in a manifest injustice. Specifically, Plaintiff supports his motion by pointing to four pieces of evidence: (1) the proof of claim, which is presumed to be valid; (2) deposition testimony from Plaintiff regarding the lack of a title policy; (3) Plaintiff's age; (4) testimony from Plaintiff regarding a soil test. None of this evidence is new and none of it was presented as part of the Sequatchie Mountain Creditors' opposition to summary judgment.

Manifest injustice is an amorphous concept difficult to clearly define. The Sixth Circuit Bankruptcy Appellate Panel has endorsed some guidelines to be used on a case-by-case basis in determining whether the party seeking reconsideration has shown the necessary manifest injustice. Cusano v. Klein (In re Cusano), 431 B.R. 726, 734 (6th Cir. B.A.P. 2010).

> A movant seeking Rule 59(e) relief must be able to show an error in the trial court that is direct, obvious, and observable. The movant must also be able to

2

demonstrate that the underlying judgment caused them some type of serious injustice which could be avoided if the judgment were reconsidered. Essentially, the movant must be able to show that altering or amending the underlying judgment will result in a change in the outcome in their favor. A party may not seek Rule 59(e) relief on the premise of "manifest injustice" if the only error the movant seeks to correct is a poor strategic decision.

Id. (quoting In re Henning, 420 B.R. 773, 785 (Bankr. W.D. Tenn. 2009)(internal citations and quotations omitted)).

Here, Plaintiff is not entitled to reconsideration due to manifest injustice. Plaintiff is attempting to correct a poor strategic decision and reargue the summary judgment motion. "A motion under Rule 59(e) is not an opportunity to re-argue a case." Sault Ste. Marie Tribe of Chippewa Indians, 146 F.3d at 374. Additionally, motions for reconsideration "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." Am. Marietta Corp. v. Essroc Cement Corp., 59 F. App'x 668, 672 (6th Cir. 2003). In Am. Marietta Corp., the Sixth Circuit Court of Appeals upheld the district court's denial of a motion to reconsider when the party failed to respond to summary judgment. Id.

As the court has mentioned previously, this case is not a class action, and every adversary must support his or her claims independently. Plaintiff is represented separately from the other Sequatchie Mountain Creditors and did not file a response to the summary judgment motion apparently under the assumption that the other creditors' response would also apply to his claims. However, the opposition to Debtor's summary judgment motion includes no reference to Plaintiff or any evidence supporting Plaintiff's claims. According to Plaintiff, the evidence cited in this motion should have been considered by the Court during the motion for summary judgment. Plaintiff is attempting to rectify his own failure to properly support his claims with available evidence during summary judgment by rearguing his claims in this motion. Because a Rule 59(e) motion is not a method to reargue a summary judgment motion Plaintiff is not entitled to reconsideration or alteration of the order granting summary judgment.

Plaintiff also claims that the failure of opposing counsel to send deposition notices is grounds for reconsideration. Plaintiff supports this with a notice for depositions filed long before his attorney filed a notice of appearance in the case on December 23, 2014. (Notice of Appearance, Doc. ID# 127). Plaintiff presents no evidence that his attorney did not receive the proper notice after her appearance on his behalf. Plaintiff received notice of the summary judgment motions and had a full opportunity to respond. (Notice of Motion for Summary Judgment, Doc. ID# 223). Accordingly, reconsideration is not warranted due to a lack of notice.

Plaintiff's motion for reconsideration and/or to alter or amend the order granting partial summary judgment is **DENIED**. An order will be entered simultaneously with this opinion.

It is so ordered.

# # #

3

**Service List**

**Peter G. Tsarnas**
Goldman & Rosen, Ltd.
11 South Forge Street
Akron, OH 44304

**Jeremy M. Cothern**
Berke, Berke & Berke
420 Frazier Avenue
P.O. Box 4747
Chattanooga, TN 37405

**Valerie W. Epstein**
Epstein Law Firm, PLLC
720 Cherry Street
Chattanooga, TN 37402

**Anthony J DeGirolamo**
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718
330-305-9700

**Scott M Zurakowski**
PO Box 36963
4775 Munson St NW
Canton, OH 44735-6963

**Stephan R. Wright**
Fleissner, Davis and Johnson
600 Georgia Avenue
Chattanooga, TN 37402