**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:30 PM March 1, 2016**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JOSEPH J. DETWEILER, | ) | CASE NO. 09-63377 |
| | ) | |
| Debtor. | ) | ADV. NO. 09-6118 |
| _____ | ) | |
| | ) | JUDGE RUSS KENDIG |
| SEQUATCHIE MOUNTAIN | ) | |
| CREDITORS, | ) | |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM OF OPINION (NOT** |
| v. | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |
| JOSEPH J. DETWEILER, | ) | |
| | ) | |
| Defendant. | ) | |

Now before the Court is an objection by Joseph Detweiler ("Debtor") to the Sequatchie Mountain Creditors ("Plaintiffs") pretrial disclosure of witnesses to testify by deposition.

The Court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

1

**DISCUSSION**

On February 24, 2016, Debtor filed an objection to the Plaintiffs' pretrial disclosure listing witnesses who will testify by deposition. On February 26, 2016, Plaintiff filed a response. Debtor argues that the pretrial disclosure was untimely under Fed. R. Civ. P. 26(a)(3)(B) and that deposition testimony should not be permitted for other reasons as well. Additionally, Debtor argues that the Plaintiffs should not be able to utilize deposition testimony for Cheryl McDonald and Russell Philips, Jr. because the use is not allowed under Fed. R. Civ. P. 32(a). Plaintiffs argue that their pretrial disclosures were not untimely because they were filed before the date set in the Court's Rescheduled Trial Order. [Doc. ID# 242] Further, all of the witnesses testifying by deposition are unavailable under Rule 32(a)(4) as they are more than 100 miles from the court or cannot attend because of age, illness, and infirmity.

Plaintiffs' pretrial disclosures were filed in a timely manner. Rule 26(a)(3)(B) provides the default rule for the timely filing of pretrial disclosures unless the court orders otherwise. The default time for filing pretrial disclosures is thirty days before the date of trial. Id. Here, the Court published a Rescheduled Trial Order on October 22, 2015. [Doc. ID# 242] The Rescheduled Trial Order states that the parties shall file their witness lists with the court by no later than February 24, 2016. Plaintiffs filed their pretrial disclosures regarding witnesses to testify by deposition on February 12, 2016, well before the deadline set by the Court. Debtor argues that the deadline set in the Court's trial order does not apply to witness lists for those testifying by deposition and thus the default timeline still controls Plaintiffs' pretrial disclosures. The Rescheduled Trial Order made no such distinction and applies to all witness lists in this matter. Accordingly, Debtor's objection that Plaintiffs' pretrial disclosures were untimely is overruled.

Debtor argues that even if the pretrial disclosure is timely the Court should still grant his objection because the absence of live testimony will prejudice Debtor's ability to mount a defense. A trial court has discretion when determining whether Rule 32 applies to an absent party. In re Myers, No. 11-61426, 2015 WL 5254954, *4 (Bankr. N.D. Ohio Sept. 8, 2015). Generally, a deposition may be used against a party when the following conditions are present:

>    (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>    (B) it is used the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying;
>    (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1). The party seeking the admission of deposition testimony bears the burden of proof. In re Myers, 2015 WL 5254954, *4. Rule 32(a)(4) allows the use of depositions from unavailable witnesses in the following circumstances:

>    (A) that the witness is dead;
>    (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

>  (C) that the witness cannot attend or testify because of age, illness,
>  infirmity, or imprisonment;
>  (D) that the party offering the deposition could not procure the witness's
>  attendance by subpoena; or
>  (E) on motion and notice, that exceptional circumstances make it
>  desirable--in the interest of justice and with due regard to the importance
>  of live testimony in open court--to permit the deposition to be used.

Id.  Here, Debtor received notice of the depositions, was represented at them and had an opportunity to ask questions of the witnesses.  Additionally, the Plaintiffs have listed the witnesses to testify by deposition that satisfy one or more of the allowed circumstances listed in Rule 32(a)(4). [Doc. ID# 273, Exhibit 1]. Most of the witnesses reside more than 100 miles from the Court, a few have documented illness that limits their ability to travel, and some have passed away. Accordingly, Plaintiffs have satisfied the requirements of Rule 32 and can use the depositions testimony of the unavailable witnesses.

Debtor, relying on Garcia-Martinez v. City & Cty. of Denver, claims the absence of opportunity for live cross examination will prejudice his ability to present an effective defense. 392 F.3d 1187, 1191-92 (10th Cir. 2004).  In Garcia-Martinez, the Tenth Circuit Court of Appeals, was determining whether the plaintiff had procured his own absence from trial and thus unable to take advantage of Rule 32.  Id.  That is not at issue in the present matter.  Although the Debtor is correct that live testimony from plaintiffs is preferred, so long as the requirements of Rule 32 have been satisfied the Court does not find that the use of deposition testimony will prejudice the Debtor.

Debtor also objects to the use of deposition testimony from Cheryl McDonald and Russell Phillips, Jr. because neither witness is unavailable under the definition provide in Rule 32(a)(4).  Neither of these witnesses satisfies the requirements of Rule 32(a)(4) as they both reside within 100 miles of the Court. Debtor's objection to the use of deposition testimony for Cheryl McDonald and Russell Phillips, Jr. is sustained, barring any unforeseen developments. Nothing in this opinion should be construed as prohibiting these witnesses from providing live testimony or the use of their depositions for impeachment or other proper purposes under Rule 32.

Debtor's objection to Plaintiffs' use of deposition testimony from unavailable witnesses is **OVERRULED**.  Debtor's objection to the use of deposition testimony from Cheryl McDonald and Russell Phillips, Jr. is **SUSTAINED**. An order will be entered simultaneously with this opinion.

It is so ordered.

# # #

**Service List**

3

09-06118-rk    Doc 282    FILED 03/01/16    ENTERED 03/01/16 15:47:43    Page 3 of 4

**Peter G. Tsarnas**
Goldman & Rosen, Ltd.
11 South Forge Street
Akron, OH 44304

**Jeremy M. Cothern**
Berke, Berke & Berke
420 Frazier Avenue
P.O. Box 4747
Chattanooga, TN 37405

**Anthony J DeGirolamo**
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718
330-305-9700

**Scott M Zurakowski**
PO Box 36963
4775 Munson St NW
Canton, OH 44735-6963

**Stephan R. Wright**
Fleissner, Davis and Johnson
600 Georgia Avenue
Chattanooga, TN 37402